UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL Z. LAMBERTY,<br><br>Defendant. | Criminal No. 24cr10143<br><br>Violations:<br><br>Count One: Conspiracy<br>(18 U.S.C. § 371)<br><br>Count Two: Introduction of Misbranded Drugs with Intent to Defraud and Mislead; Aiding and Abetting<br>(21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2)<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(7), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 334 and 853(p)) |

INFORMATION

At all times relevant to this Information:

General Allegations

1.  The United States Food and Drug Administration ("FDA") was an agency of the United States government entrusted with protecting the health and safety of the public by enforcing the provisions of the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Section 301 et seq. ("the Act"). The Act was also implemented and defined by various provisions of the Code of Federal Regulations ("C.F.R."). The FDA's responsibilities under the Act included regulating the manufacture, labeling, and distribution of all drugs and drug components shipped or received in interstate commerce.

2.  The Act defined "drugs" to include articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in humans; articles other than food intended to

affect the structure or any function of the body of humans; and articles intended for use as a component of such articles. 21 U.S.C. § 321(g)(l).

3. The introduction or delivery for introduction into interstate commerce of any misbranded drug was prohibited. 21 U.S.C. § 331(a). "Misbranding" encompassed dispensing without a valid prescription a drug intended for use by man, which, because of its toxicity or potential for harmful effect, was not safe for use except under supervision of a licensed practitioner or where its FDA-approved application limited it to prescription use. 21 U.S.C. § 353(b)(l). A drug was also misbranded where its labeling was false or misleading in any particular, 21 U.S.C. § 352(a), or where its labeling did not bear adequate directions for use, 21 U.S.C. § 352(f)(l).

4. There was an exemption from certain FDA labeling requirements for so-called "research chemicals," but only if certain conditions were met, one of which was that the drug not be involved in "clinical use." 21 C.F.R. § 201.125. Consumption of a drug to achieve a particular effect on the body, like inducing sleep or relieving anxiety, demonstrated intended clinical use as a drug rather than as a research chemical, and thus the exemption from adequate directions for use applicable to research chemicals would not apply.

<u>Relevant Substances</u>

5. Benzodiazepines were a class of drugs that produced central nervous system depression. Practitioners could prescribe FDA-approved benzodiazepines to treat insomnia and anxiety, but benzodiazepines also carried risks of dependency, toxicity, and even fatal overdose, particularly when combined with other central nervous system depressants.

6. Etizolam was a drug known as a thienodiazepine, a class of drugs chemically related to benzodiazepines that carried similar health risks.

2

7. The FDA had not approved any drugs containing etizolam in the United States, and as a result, it cannot be legally distributed in the United States for use as a drug.

8. Etizolam was regularly sold via online marketplaces that distributed so-called "designer drugs," i.e., drugs that were designed to mimic the pharmacological effects of controlled substances or prescription drugs.

## The Defendant

9. Defendant PAUL Z. LAMBERTY was a resident of California and was not a registered wholesaler, licensed pharmacist, or other medical professional.

10. Defendant PAUL Z. LAMBERTY operated websites, www.encern.com and www.ohmod.com, which advertised and sold etizolam.

11. The encern.com website included disclaimers that products sold by encern were "For Research Purposes Only" and "Not for Human Use." The products distributed by encern.com were also labeled "For Research Purposes Only" and "Not for Human Consumption."

12. Despite these disclaimers, PAUL Z. LAMBERTY knew and intended that the products sold by Encern and Ohmod would be used by humans as drugs intended to affect the structure or any function of the human body.

## Object of the Conspiracy

13. It was the object of the conspiracy to obtain money by unlawfully importing various unapproved drugs into the United States, including etizolam, and then distributing the drugs to customers throughout the United States for human use.

## Manner and Means of the Conspiracy

14. Among the manner and means by which LAMBERTY and coconspirators, known and unknown to the Acting United States Attorney, carried out the conspiracy were the following:

3

a. Purchasing drugs from suppliers in China and importing these drugs into the United States;

b. Mislabeling these drugs before and during importation into the United States to avoid detection by United States Customs and Border Protection ("CBP");

c. Using multiple United States addresses and Post Office Boxes to receive drugs from China in order to avoid detection by CBP;

d. Selling drugs with false labelling stating that the products were sold "For Research Purposes Only" and "Not for Human Consumption."

### Acts in Furtherance of the Conspiracy

15. In furtherance of the conspiracy, and to accomplish its objects, defendant PAUL Z. LAMBERTY caused the following shipments of misbranded drugs to be sent in interstate commerce via the United States Postal Service to addresses in the District of Massachusetts:

| Approximate Date | Shipment Contents |
| --- | --- |
| July 2, 2019 | 2g pellets (25) of etizolam |
| December 31, 2019 | 3.3mg pellets (25) of etizolam |
| June 4, 2020 | 2.2mg pellets (25) of etizolam |
| June 30, 2020 | 2.2mg pellets (25) of etizolam |

## COUNT ONE

Conspiracy
(18 U.S.C. § 371)

The Acting United States Attorney charges:

16. The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1-15 of this Indictment.

17. From in or about February 2017, through in or about August 2021, in the District of Massachusetts, and elsewhere, the defendant,

**PAUL Z. LAMBERTY,**

knowingly and willfully conspired with others known and unknown to the Acting United States Attorney to: (1) introduce misbranded drugs into interstate commerce with intent to defraud and mislead, in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2); and (2) receive, conceal, buy, sell, and in any manner facilitate the transportation, concealment, and sale of misbranded drugs after importation, knowing the same to have been imported into the United States contrary to law, in violation of Title 18, United States Code, Section 545.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
### Introduction of Misbranded Drugs with the Intent to Defraud and Mislead; Aiding and Abetting
### (21 U.S.C. §§ 331(a) and 333(a)(2); 18 U.S.C. § 2)

The Acting United States Attorney further charges:

18.     The Acting United States Attorney re-alleges and incorporates by reference paragraphs 1-15 of this Information.

19.     On or about November 28, 2020, in the District of Massachusetts, and elsewhere, the defendant,

### PAUL Z. LAMBERTY,

with the intent to defraud and mislead, caused the introduction and delivery for introduction of etizolam into interstate commerce, which, when introduced and delivered for introduction into interstate commerce, was misbranded within the meaning of: (1) Title 21, United States Code, Section 352(a), in that its labeling was false and misleading; and (2) Title 21, United States Code, Section 352(f)(1), in that its labeling failed to bear adequate directions for use.

All in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(7), 28 U.S.C. § 2461(c), and 21 U.S.C. §§ 334 and 853(p))

The Acting United States Attorney further alleges:

20. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 371 and/or Title 21, Sections 331(a) and 333(a)(2), set forth in Counts One and Two, the defendant,

### PAUL Z. LAMBERTY,

shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offense and all right, title, and interest in any prescription drug that is adulterated when introduced into or while in interstate commerce or while held for sale after shipment in interstate commerce, or which may not, under the provisions of 21 U.S.C. § 331, be introduced into interstate commerce, pursuant to 18 U.S.C. § 982(a)(7), 21 U.S.C. § 334, and 28 U.S.C. § 2461(c).

21. If any of the property described in Paragraph 20, above, as being subject to forfeiture as a result of any act or omission of the defendant –

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

7

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 20 above.

All pursuant to 18 U.S.C. § 982(a)(7), 28 U.S.C § 2461(c), and 21 U.S.C. §§ 334 and 853(p).

                                         JOSHUA S. LEVY
                                         Acting United States Attorney

By: _____
       JARED C. DOLAN
       LAUREN A. GRABER
       Assistant U.S. Attorneys

Date: May 17, 2024